# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **LARRY LEMAY** ] | |
|     Plaintiff, ] | |
| ] | |
| v. ] | No. 3:17-cv-0361 |
| ] | Judge Trauger |
| **DEREK THORNHILL, et al.** ] | |
|     Defendants. ] | |

## M E M O R A N D U M

The plaintiff, proceeding *pro se*, is a resident of Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against Officer Derek Thornhill, a member of the Mt. Juliet Police Department; the Mt. Juliet Police Department; and "Laura", a Wilson County prosecutor; seeking declaratory relief and damages.

Officer Thornhill stopped the plaintiff's vehicle. The plaintiff was told that he had been impeding traffic. During the stop, Officer Thornhill took a taser gun from the plaintiff. The plaintiff was arrested and charged with illegal possession of a weapon and impersonation of a licensed professional (security guard).

The charges against the plaintiff were later dismissed. He needed a court order to get the taser gun returned to him. The plaintiff alleges that he has been the victim of a malicious prosecution.

To state a claim for relief under 42 U.S.C. § 1983, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of a right or privilege guaranteed by

1

the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

In order to establish a claim for malicious prosecution, the plaintiff must demonstrate, at a minimum, that there was no probable cause to justify his arrest and prosecution. Thacker v. City of Columbus, 328 F.3d 244 (6th Cir. 2003). Probable cause has been defined as the "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense". Michigan v. DeFillippo, 443 U.S. 31, 37 (1979). A valid arrest and prosecution based upon then-existing probable cause is not vitiated simply because the suspect is later found innocent. *See* United States v. Covelli, 738 F.2d 847, 854 (7th Cir.), *cert. denied*, 469 U.S. 867 (1984).

Attached to the complaint are arrest warrants charging the plaintiff with illegal possession of a weapon and impersonation of a licensed professional. The warrants were issued after a judicial officer determined that there was probable cause to make the arrest. In light of this finding, the plaintiff is unable to prove the elements necessary to sustain a claim for malicious prosecution.

Because the plaintiff has failed to state a claim upon which relief can be granted, the Court is obliged to dismiss this action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge